*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-435

JULY TERM, 2011

| | |
|---|---|
| Melody Corcoran | }   APPEALED FROM: |
| | } |
|   v. | }   Superior Court, Chittenden Unit, |
| | }   Family Division |
| | } |
| James W. Walters, Jr. | }   DOCKET NO. F311-4-07 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Father appeals pro se from the superior court's denial of his motion to modify parent-child contact. He also complains that the court failed to rule on his request for a parent coordinator. We affirm.

The record indicates the following. Mother and father are the parents of Z.C. Mother has visitation with the child on alternate weekends. Father moved to modify parent-child contact, raising concerns about the child's safety while in mother's care. Specifically, he was concerned about mother allowing sex offenders to live in her home; driving without a license with Z.C. in the car; lying and involving the child in adult conversations; possible drug use; and other issues. He asked the court to assign a parent coordinator and to modify mother's visitation to supervised visits once a month. Following a hearing, the court denied father's request to modify visitation, finding the evidence insufficient to warrant a modification. The court did not address the parent coordinator issue. This appeal followed.

On appeal, father reiterates his position that the current visitation schedule is detrimental to the child. He also emphasizes the need for a parent coordinator. We review the court's decision on the motion to modify for abuse of discretion, and find no abuse of discretion here. See Gates v. Gates, 168 Vt. 64, 74 (1998) ("Granting, modifying, or denying visitation is within the discretion of the trial court and will not be reversed unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." (quotations omitted)). As set forth above, the trial court could not determine from the evidence presented whether the current visitation schedule was detrimental to the child. It recognized that the child had behavioral issues, but it could not discern whether visitation with mother was causing the child's current problems. While father believes that the current schedule is harmful to the child, the court could not reach a similar conclusion in light of the evidence presented. It is for the trial court, rather than this Court, to assess the weight of the evidence. Mullin v. Phelps, 162 Vt. 250, 261 (1994) (stating that "our role in reviewing findings of fact is not to reweigh evidence or to make findings of credibility"). We find no grounds to disturb the court's decision.

The court did not directly address father's request for a parent coordinator. However, given father's inability to present grounds to modify mother's parent-child contact, appointment of a parent coordinator would serve no purpose.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice